IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| LISA KRYTER, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | Civil Action No. 7:20-CV-00265 |
| | § | |
| WAL-MART STORES TEXAS, LLC; | § | |
| WAL-MART STORES, INC.; | § | |
| TEX-MEX TRANSPORT, INC.; | § | TRIAL JURY DEMANDED |
| DETMAR LOGISTICS LEASING, LLC, | § | |
| and ALEX WITTENBURG, | § | |
| | § | |
| *Defendants*. | § | |

Defendants Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) and
Wal-Mart Stores Texas, LLC's Notice of Removal

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) and Wal-Mart Stores Texas, LLC. (collectively "Walmart") hereby file this notice of removal of Cause No. CV57063, *Lisa Kryter v. Wal-Mart Stores Texas, LLC, Wal-Mart Stores, Inc., Tex-Mex Transport, Inc., Detmar Logistics Leasing, LLC and Alex Wittenburg*, from the 238th Judicial District, Midland County, Texas.[1]

Introductory Statement

On March 20, 2020, Lisa Kryter filed a federal lawsuit against Walmart in this Court based on diversity jurisdiction. The suit arose from an automobile-bicycle accident that occurred in June 2018 at a Midland Walmart store parking lot ("the subject parking lot"). After Ms. Kryter obtained police body camera video showing tractor-trailers parked near the location of impact, Ms. Kryter voluntarily dismissed her suit and re-filed in state court in Bexar County, suing Walmart and the

---

[1] **Exhibit A** to this Notice is an index of all matters filed.

purported owners of the tractor-trailers, Tex-Mex Transport, Inc., Detmar Logistics Leasing, LLC, and Alex Wittenburg ("the tractor-trailer defendants").

However, the sole defendant with any venue connection to Bexar County—Detmar Logistics Leasing, LLC ("Detmar")—is not the owner of the tractor-trailer that Ms. Kryter alleged to be at issue. In the interests of justice and because venue was improper in Bexar County, Walmart moved to transfer to Midland County. Detmar and Alex Wittenburg also moved to transfer and joined in Walmart's motion. Soon thereafter, Plaintiff, by a Rule 11 agreement, consented to the transfer. Upon an order of the Bexar County District Court, the case was transferred to the District Court of the 238th District of Midland County, Texas.

On October 28, 2020, following depositions of an eye witness and Ms. Kryter's husband, Ms. Kryter non-suited the tractor-trailer defendants. Because the non-diverse tractor-trailer defendants are out of the case, this case has become removable. Through this Notice filed within thirty days of the papers triggering removability, Walmart timely removes the case back to where it began, in the United States District Court for the Western District of Texas and before this Honorable Court.

## I.   Procedural History

1.    On March 20, 2020, Plaintiff Lisa Kryter commenced a federal civil action against Wal-Mart Stores Texas, LLC and Wal-Mart Stores, Inc. in the United States District Court for the Western District of Texas, Midland Division. *See* Plaintiff's Original Complaint, *Lisa Kryter v. Wal-Mart Stores Texas, LLC & Wal-Mart Stores, Inc.*, No. 7:20-cv-00075 (W.D.T.X. Mar. 20, 2020), ECF. No. 1. Ms. Kryter relied upon diversity jurisdiction to invoke federal jurisdiction. **Exhibit B-1** to this Notice is a true and correct copy of her original federal complaint.

2.    On June 1, 2020, Ms. Kryter filed a motion to dismiss her federal action without

prejudice.  Therein, including at Paragraph 2 of her motion, Ms. Kryter asserted that there were additional proper defendants and that joinder of those defendants would destroy diversity.  **Exhibit B-2** to this Notice is a true and correct copy of her motion for voluntary dismissal.

3.       On June 1, 2020, Walmart filed a response to Ms. Kryter's motion, denying any admission or agreement with the contents of her motion and noting Walmart's reservation of its right to oppose Ms. Kryter's attempt to add the parties referred to in her motion, namely Tex-Mex Transport, Inc., Detmar, and Alex Wittenburg.  **Exhibit B-3** to this Notice is a true and copy of Walmart's response to Ms. Kryter's motion for voluntary dismissal.

4.       On June 3, 2020, the Court ordered the federal action dismissed without prejudice. **Exhibit B-4** to this Notice is a true and correct copy of this Court's order dismissing Ms. Kryter's federal case.

5.       On June 1, 2020, Plaintiff Lisa Kryter ("Plaintiff") commenced a state civil action against Walmart in the 285th Judicial District, District Court, Bexar County, Texas.  Plaintiff named as defendants Wal-Mart Stores Texas, LLC and Wal-Mart Stores, Inc., as well as Tex-Mex Transport, Inc., Detmar, and Alex Wittenburg.[2]  *See Lisa Kryter v. Wal-Mart Stores Texas, LLC, et al.*, Cause No. 2020-CI-09975 (285th Dist. Ct., Bexar Cty, Tex. Jun. 1, 2020).[3]  **Exhibit E-1** to this Notice contains a true and correct copy of Plaintiff's Original Petition and Requests for Disclosure.

6.       On July 6, 2020, Walmart filed a motion to transfer the case to Midland, Texas.  On July 23, 2020, Detmar and Alex Wittenburg filed motions to transfer, joining in Walmart's motion and submitting an affidavit supporting that Detmar does not own the tractor-trailer at issue.  On

---

[2] **Exhibit C** contains all executed process on Walmart in this case.  **Exhibit D** contains the state court docket sheets.

[3] **Exhibit E** contains the state court docket file, with each docket entry listed in chronological order and given a separate exhibit number, e.g., E-1, E-2, etc., and is based upon information presently available to Walmart.

August 10, 2020, Plaintiff and the defendants filed a Rule 11 stipulation agreeing to transfer to Midland, Texas.  **Exhibits E-2, E-6, E-7, and E-17** to this Notice are true and correct copies of these filings.

7.      By an order of the Bexar District Court signed on August 21, 2020, the case was transferred to Midland, Texas.  The case was transferred to the 238th Judicial District, District Court, Midland County, Texas.  **Exhibit F-3** to this Notice is a true and correct copy of the court's transfer order to Midland County, Texas.

8.      On October 28, 2020, Plaintiff filed notices of non-suit without prejudice as to defendants Tex-Mex Transport, Inc., Detmar, and Alex Wittenburg.  **Exhibit E-40 and E-41** to this Notice are true and correct copies of the Detmar & Alex Wittenburg notice of non-suit and the Tex-Mex Transport, Inc. notice of non-suit.

9.      There are no motions pending in the state court action.

10.     Plaintiff and Walmart have both demanded a jury trial.

## II.    <u>Basis for Removal: Diversity Jurisdiction</u>

11.     This action is removable pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Pursuant to § 1332(a), federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and where the action is between citizens of different States.  *See* 28 U.S.C. § 1332(a)(1).

### A.      **There is Complete Diversity Between Plaintiff and Defendants.**

12.     Plaintiff Lisa Kryter is an individual who is a citizen of Texas and domiciled in Texas, and who resided in El Paso, Texas as of the date of the subject incident.  *See* Ex. B-1  at ¶ 1.1; Ex. E-1 at ¶ 2.1.

13.     Defendant Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) is a Delaware corporation with its principal place of business in Arkansas.

14.     Defendant Wal-Mart Stores Texas, LLC, a Delaware limited liability company, is an indirectly, wholly-owned subsidiary of Walmart Inc.  The principal place of business of Wal-Mart Stores Texas, LLC is Bentonville, Arkansas.  The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust.  Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. which is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Property Co. is a wholly-owned subsidiary of Wal-Mart Stores East, LP.  Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), whose parent company and sole member is Walmart Inc.

15.     Thus, the complete diversity requirement of 28 U.S.C. § 1332 is satisfied because Plaintiff is a citizen of Texas and Defendants are citizens of Delaware and Arkansas.

**B.     The Amount in Controversy Exceeds $75,000.**

16.     Plaintiff's Petition alleges that "Plaintiff states that [s]he seeks damages in excess of $1,000,000.00."  Ex. E-1 at ¶ 3.3.  Plaintiff's Petition further alleges, "the amount in controversy exceeds $75,000.00 exclusive of costs and interest . . . ." *Id.* at ¶ 3.4.  Thus, Walmart is informed and believes that Plaintiff's alleged damages exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

**III.   Timeliness of Removal**

17.     Under 28 U.S.C. § 1446(b)(3), "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Subsection (c) requires that a case may not be removed under subsection (b)(3) on the basis of diversity jurisdiction "more than 1 year after the commencement of the action" unless permitted by the court based on bad faith by a plaintiff.

18.     This notice of removal is timely because it is filed within 30 days of receipt of the notice of non-suit of the non-diverse parties, which was a voluntary act taken by Plaintiff.  *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), as revised (Aug. 23, 2019) (citation omitted) (alterations and emphasis in original) ("'[W]here the case is not removable because of joinder of defendants,' *only* 'the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant' can convert a nonremovable case into a removable one."); *see Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 398 (5th Cir. 2013) ("If the initial pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable.").

**IV.    Venue is Proper**

19.     The 238th Judicial District, District Court, Midland County, Texas, is located within the Western District of Texas, Midland Division.  Consequently, under 28 U.S.C. § 1441(a), this action is properly removed to this Court.

20.     Plaintiff's previous federal filings alleged that venue was proper in the Western District of Texas.

**V.     Additional Procedural Requirements Are Satisfied**

21.     This notice of removal is accompanied by the following documents:

    a)     An index of all matters filed (Exhibit A);

    b)     Selected federal filings and orders (Exhibit B);

    c)     All process on Walmart in this state court matter (Exhibit C);

6

d)      All state court docket sheets in this matter (Exhibit D);

e)      All state court filings in this matter (Exhibit E);

f)       Orders signed by Texas state court judges in this matter (Exhibit F);

g)      Civil case cover sheet; and

h)      Supplemental civil case cover sheet.

22.     This notice of removal will promptly be provided to Plaintiff and Clerk of the 238th Judicial District Court of Midland County, Texas.  *See* 28 U.S.C. § 1446(d).

23.     This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

24.     All Defendants consent to removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

**VI.**   **Reservation of Rights**

25.     Walmart does not waive any defenses that may be available to Walmart and does not concede that the allegations in Plaintiff's Complaint are meritorious under applicable law.

26.     Walmart reserves the right to amend or supplement this notice of removal.

**Conclusion**

Removal of this action is proper because the amount in controversy exceeds $75,000, complete diversity exists, and Walmart has timely removed this matter.  The undersigned hereby remove this action from the State Court of Texas, Midland County, to this Honorable Court. Walmart prays that the United States District Court for the Western District of Texas, Midland Division, accepts this notice of removal.

Respectfully submitted,

CRAIG, TERRILL, HALE & GRANTHAM, LLP

/s/ Robert L. Craig, Jr.
Robert L. Craig, Jr.
State Bar No. 04987300
Marcy M. Erwin
State Bar No. 24047248
9816 Slide Road, Suite 201
Lubbock, Texas 79424
(806) 744-3232
bobc@cthglawfirm.com
merwin@cthglawfirm.com

AND

SUSMAN GODFREY L.L.P
Neal S. Manne
State Bar No.: 12937980
Robert Rivera, Jr. (*pro hac vice* pending)
State Bar No.: 16958030
Jonathan J. Ross (*pro hac vice* pending)
State Bar No.: 00791575
Matthew Behncke (*pro hac vice* pending)
State Bar No.: 24069355
Elizabeth Hadaway (*pro hac vice* pending)
State Bar No.: 24109962
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
(713) 651-9366 Telephone
(713) 654-6666 Telecopier
nmanne@susmangodfrey.com
rrivera@susmangodfrey.com
jross@susmangodfrey.com
mbehncke@susmangodfrey.com
ehadaway@susmangodfrey.com


ATTORNEYS FOR DEFENDANTS
WALMART INC. and WAL-MART
STORES TEXAS, LLC

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2020, this document properly was served on all counsel of record via electronic filing in accordance with the United States District Court Western District of Texas Procedures for Electronic Filing.